UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ERIC A. KLEIN,

        Petitioner,

   -against-

UNITED STATES OF AMERICA,

        Respondent.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-8-13

09 Civ. 10048 (PAC)

OPINION AND ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioner Eric A. Klein ("Klein"), *pro se*, moves under Federal Rule of Civil Procedure 60(b) for relief from the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] On July 8, 2005, a jury convicted Klein of wire fraud and conspiring to commit wire fraud. Klein was sentenced to a term of 51 months imprisonment and three years supervised release, and ordered to pay $819,779 in restitution. Since his sentencing, Klein has filed numerous meritless appeals and dozens of baseless motions relating to his 2005 criminal conviction. Currently before this Court is Klein's most recent attempt to relitigate his conviction, which he styles as a motion to reconsider, rather than a new § 2255 petition.

For the following reasons, Klein's motion is DENIED.

## BACKGROUND

This Court presumes familiarity with the facts as set forth in the October 17, 2012 Memorandum and Order, which denied Klein's § 2255 motion. *See Klein v. United States*, No. 09 cv. 10048, 2012 WL 5177493 (S.D.N.Y. Oct. 17, 2012). U.S. District Judge Jones held that,

---

[1] Because Klein moves *pro se*, this Court will liberally construe the motion in his favor, *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995), and will read the motion "to raise the strongest arguments" that it suggests, *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotations omitted).

1

pursuant to 28 U.S.C. § 1915(a)(3), any appeal from the order would not be taken in good faith, and therefore denied Klein *in forma pauperis* status for the purpose of an appeal. *Id.* at *11. Furthermore, Judge Jones held that Klein was not entitled to a certificate of appealability because he did not make a substantial showing that he was denied his constitutional rights. *See* November 7, 2012 Order, Dkt. No. 96.

Klein subsequently appealed the denial of his § 2255 petition and moved for a certificate of appealability, to proceed *in forma pauperis*, and for the appointment of counsel. On September 11, 2013, the Second Circuit denied the motions and dismissed the appeal because Klein did "not make a 'substantial showing of the denial of a constitutional right.'" *See* Order at 1, *Klein v. United States*, No. 12-4898 (2d Cir. Sept. 11, 2013), Dkt. No. 60 (quoting 28 U.S.C. § 2253(c)). The court also warned Klein "that the further filing of frivolous and/or vexatious motions or appeals in [the Second Circuit] relating to his 2005 conviction, his attorney's performance during the course of the underlying criminal proceedings, or his § 2255 proceedings, will result in the imposition of sanctions." *Id.* at 2.

On October 16, 2013, Klein moved under Rule 60(b) for reconsideration of the denial of his § 2255 petition. On the same day, the case was reassigned to this Court.

## DISCUSSION

I.     **Klein's Rule 60(b) Motion is Time Barred**

"A motion under Rule 60(b) must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1); *see Flemming v. New York*, 423 Fed. App'x 64, 65 (2d Cir. 2011). To determine whether the motion was filed within a reasonable time, a court "must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay." *Flemming*, 423 Fed. App'x at 65 (quoting *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d

Cir. 1983)). Here, Klein filed his Rule 60(b) motion approximately a year after his § 2255 petition was denied. Klein offers no explanation for this delay, even though his motion rehashes the same frivolous claims he has made since his conviction. Accordingly, this Court holds that Klein did not bring his Rule 60(b) motion within a reasonable time and therefore his motion is time barred. *See PRC Harris, Inc.*, 700 F.2d at 897 (holding that a movant who "presented no persuasive reasons to justify the delay of almost one year" did not comply with the reasonable time requirement under Rule 60(b)).

**II.     Klein's Rule 60(b) Motion is Meritless**

"Relief under Rule 60(b) is 'generally not favored and is properly granted only upon a showing of exceptional circumstances.'" *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). When a petitioner moves for relief from a denial of a § 2255 petition, "the Rule 60(b) motion [must] attack[] the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *see Hoffenberg v. United States*, No. 00 Civ. 1686, 2010 WL 1685558, at *4 (S.D.N.Y. Apr. 26, 2010) ("Rule 60(b) is not a vehicle to relitigate issues already raised during a prior Section 2255 proceeding."). A court can treat a Rule 60(b) motion that attacks the underlying conviction as a "second" habeas petition and transfer it to the Second Circuit or deny it as "beyond the scope of Rule 60(b)." *Harris*, 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).

Klein makes a number of baseless arguments in support of his motion for reconsideration. Klein first argues that the § 2255 proceedings were fraudulent. *See* Petitioner's Motion for Relief From a Final Judgment ("Pet.'s Mot.") at 4-5. But a Rule 60(b) motion premised on fraud must present "clear and convincing evidence of material misrepresentations," *see Fleming v. N.Y.*

*Univ.*, 865 F.2d 478, 484 (2d Cir. 1989), and Klein's allegations do not come close. Specifically, Klein asserts that the Government received multiple extensions of time without reason and that he was denied adequate discovery or evidentiary hearings, among other allegations. *See* Pet.'s Mot. at 4-5. Yet courts routinely extend the time for a party to respond, *see* Fed. R. Civ. P. 6(b), and a routine occurrence—by definition—is not "exceptional," *see Ins. Co. of N. Am.*, 609 F.3d at 131. Furthermore, the fraud Klein alleges is not the kind of fraud addressed by Rule 60(b). *See Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995) (stating that fraud under Rule 60(b) is limited to "fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." (internal quotations omitted)); *see also Rivera v. Fed. Bureau of Prisons*, No. 08 Civ. 5590, 2013 WL 5052153, at *2 (S.D.N.Y. Sept. 12, 2013) (identifying bribery of a judge or jury tampering as examples of fraudulent conduct that would support a Rule 60(b) motion). As a result, Klein does not present exceptional circumstances that would warrant reconsideration under Rule 60(b).

Klein's remaining claims relate solely to his criminal conviction and therefore afford no basis for relief. *See* Pet.'s Mot. at 5-10 (alleged Brady/Giglio violations), 10-12 (alleged ethical violations), 13-15 (alleged Due Process violations); 16-18 (alleged Sixth Amendment violations); *see also Harris*, 367 F.3d at 77. To the extent Klein frames these arguments as attacks on the integrity of the habeas proceedings, they constitute a thinly veiled attempt to relitigate issues already resolved in those proceedings. *See Hoffenberg*, 2010 WL 1685558, at *4 (rejecting a petitioner's attempt to "frame his argument as an attack on the integrity of the habeas proceeding" when the petitioner sought to challenge his underlying conviction). Accordingly,

this Court holds that these claims are "beyond the scope of Rule 60(b)." *See Harris*, 367 F.3d at 82 (quoting *Gitten*, 311 F.3d at 534).

## CONCLUSION

For the reasons above, Klein's motion for relief from a final judgment under Rule 60(b) is DENIED. Klein has not made a substantial showing of the denial of a constitutional right; and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *see also Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001) (holding that appeals taken from Rule 60(b) motions seeking relief from a judgment on a habeas petition require a certificate of appealability). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). The Court calls to Klein's attention the portion dealing with sanctions. *See* Order at 2, *Klein v. United States*, No. 12-4898 (2d Cir. Sept. 11, 2013), Dkt. No. 60.

Dated: New York, New York
       November 8, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy Mailed To:
Eric A. Klein
50 Holiday Court
River Vale, New Jersey 07675