USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-5-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ERIC A. KLEIN,

              Petitioner,

   -against-

UNITED STATES OF AMERICA,

              Respondent.
------------------------------------------------------------x

09 Civ. 10048 (PAC)

OPINION AND ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioner Eric A. Klein, *pro se*, moves for relief from his conviction. On July 8, 2005, a jury convicted Klein of wire fraud and conspiring to commit wire fraud. Klein was sentenced to a term of 51 months imprisonment and three years supervised release, and ordered to pay $819,779 in restitution. Since his sentencing, Klein has filed numerous meritless appeals and dozens of baseless motions relating to his 2005 criminal conviction. The Court previously denied Klein's 28 U.S.C. § 2255 petition, *see Klein v. United States*, No. 09 cv. 10048, 2012 WL 5177493 (S.D.N.Y. Oct, 2012), and his Rule 60(b) motion for reconsideration of that denial, *see Klein v. United States*, No. 09 cv. 10048, 2013 WL 5966889 (S.D.N.Y. Nov. 8, 2013). More recently, Klein filed a motion for an "order to show cause" which the Court construed as a successive 28 U.S.C. § 2255 petition and transferred to the United States Court of Appeals for the Second Circuit for performance of its gatekeeping function. Dkt. 114.

Now, less than two months later, Klein has filed yet another motion with this Court for an "order to show cause" as to why his conviction should not be vacated. Dkt. 115. Because the Court has determined that Klein is no longer "in custody" for habeas purposes, the Court

declines to construe this motion as a successive § 2255 petition. *See* 28 U.S.C. § 2255(a). Rather, the Court construes this motion as a successive petition for a writ of error *coram nobis*. "A writ of error *coram nobis* is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (quotation omitted). Klein has filed at least two previous petitions for *coram nobis* relief that have been denied. *See United States v. Eric Klein*, No. 03-cr-813 (DLC), Dkt. 212 (S.D.N.Y. Feb. 23, 2016); *Eric A. Klein v. United States*, No. 15-cv-9357 (DLC), Dkt. 15 (S.D.N.Y. Jan. 22, 2016). Nevertheless, the Court may consider the petition rather than transfer it to the Court of Appeals. *See Worlumarti v. United States*, 613 Fed. App'x 69, 71 (2d Cir. 2015) (unpublished) (affirming district court's denial of second petition for *coram nobis* relief).

"*Coram nobis* is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Mandanici*, 205 F.3d at 524 (quotation omitted). When reviewing a petition for *coram nobis* relief, "a court must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." *Id.* To prevail, "a petitioner must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id.* (quotation omitted). Klein fails to meet his burden on any of these three requirements.

In his current petition, Klein argues that his conviction should be vacated because the Government did not disclose, and his trial counsel did not discover, a previous court decision that could have been used to show that his co-defendant had tricked Klein into unwittingly aiding his fraudulent scheme, as it revealed that his co-defendant had previously engaged in a similar

2

deception. *See Commodity Futures Trading Comm'n v. Probber Int'l Equities Corp.*, 504 F. Supp. 1154 (S.D.N.Y. 1981).[1] A failure to disclose a publicly available court decision that may have had some marginal relevance in supporting Klein's argument does not constitute a fundamental error that renders the entire proceeding invalid. *See United States v. Payne*, 63 F.3d 1200, 1208 (2d Cir. 1995) ("Documents that are part of public records are not deemed suppressed if defense counsel should know of them and fails to obtain them because of lack of diligence in his own investigation."). Nor does counsel's failure to find and cite it constitute such an error. *See Jackson v. Conway*, 763 F.3d 115, 154 (2d Cir. 2014) (finding no ineffective assistance of counsel where evidence counsel failed to uncover would not have had "exceptional value"). Moreover, Klein fails to demonstrate that sound reasons exist for his failure to discover this case earlier and include it in any of his earlier motions for relief. And he does not show, and never has shown, that he continues to suffer legal consequences from his conviction that may be remedied by granting of the writ. Accordingly, Klein's request is **DENIED**.

The Court also reiterates the Second Circuit's previous warning to Klein that "the further filing of frivolous and/or vexatious motions or appeals in this Court relating to his 2005 conviction, his attorney's performance during the course of the underlying criminal proceedings, or his § 2255 proceedings, will result in the imposition of sanctions, including leave-to-file sanctions." *Klein v. United States*, No. 12-4898, Dkt. 60 (2d Cir. Sept. 11, 2013).

Dated: New York, New York
      February 5, 2018

SO ORDERED

---

[1] Klein also repeats an argument made in previous motions that his co-defendant used a prison pastor as a conduit to recapture his bail money. *See, e.g., Klein*, No. 03-cr-813 (DLC) Dkt. 211 at 3, 21-22. This argument is barred, as it has already been rejected. *See id.* Dkt. 212.

PAUL A. CROTTY
United States District Judge

Copy Mailed To:
Eric A. Klein
200 Knickerbocker Road
Demarest, New Jersey 07627