USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-24-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

ERIC A. KLEIN,

         *Petitioner*,

-against-

UNITED STATES OF AMERICA,

         *Respondent*.

------------------------------------------------------X

09 Civ. 10048 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* litigant Eric Klein was convicted of wire fraud and conspiring to commit wire fraud in 2005. Since then, Klein has filed a litany of meritless appeals and baseless motions relating to his conviction.[1] This Court first warned Klein that his frivolous filings could lead to sanctions in an order on February 5, 2018. *Klein v. United States*, 2018 WL 705315, at *2 (S.D.N.Y. Feb. 5, 2018). Nonetheless, the meritless filings continued, and on September 9, 2018, this Court ordered Klein to show cause why a sanction should not be imposed enjoining him from making any additional filings related to his 2005 conviction without leave of court. *Klein v. United States*, 2018 WL 4382381, at *2 (S.D.N.Y. Sept. 4, 2018), *appeal dismissed*, No. 18-2924, 2018 WL 4849659 (2d Cir. Oct. 4, 2018). Klein responded by filing three new motions, (dkts. 127, 130, and 132), along with two affirmations in support, (dkts. 131 and 133).

---

[1] For a description of Klein's pattern of frivolous filings, both in this Court and the Second Circuit *see Klein v. United States*, 2018 WL 4382381, at *1-2 (S.D.N.Y. Sept. 4, 2018); *see also Klein v. United States*, No. 09 CV 10048 BSJ, 2012 WL 5177493, at *2 (S.D.N.Y. Oct. 17, 2012) ("Klein filed a timely notice of appeal on November 5, 2005, and between that date and August 2007, he filed approximately 50 *pro se* motions with the District Court.").

"The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). The power to impose such sanctions is an inherent one, tied to the constitutional obligation of federal courts "to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Before leave-to-file sanctions can be imposed, a district court must provide the litigant with notice that future filings may result in sanctions and then, if the filings continue, with an opportunity to be heard as to why sanctions should not be imposed. *Viola v. United States*, 307 Fed. Appx 539, 539 (2d Cir. 2009). Only then, "if the litigant's response does not show why sanctions are not appropriate," may the court issue a leave-to-file sanction order. *Id.*

Petitioner has failed to show cause why a-leave-to-file sanction should not be imposed. Instead, he files *more* frivolous motions and affidavits, forcing this Court, once again, to expend judicial time and resources rejecting arguments already litigated. In Klein's first motion, he asks the Court to vacate his judgment and grant a new trial because of an alleged perjured witness and prosecutorial misconduct during trial. (Dkt. 127). His second motion asks the Court to: (1) vacate his judgment because a government witness allegedly perjured himself and his trial counsel failed to object, leading to ineffective assistance of counsel; (2) vacate the hiring of Talkin Law Firm ("TLC") *nunc pro tunc*; and (3) reopen his habeas case to reconsider his claim that he was denied counsel of his choice. (Dkt. 130). In Klein's final motion, he seeks vacatur of his conviction for alleged prosecutorial misconduct during plea negotiations. (Dkt. 132).

The Court construes Klein's motions as successive petitions for a writ of error *coram nobis*[2] and denies all. Klein's motions fail to raise a single issue or piece of evidence that has not already been considered and rejected by a federal court. *See Klein*, 2018 WL 4382381, at *1 (rejecting Klein's request to vacate the hiring of TLC because already granted); *Klein v. United States*, No. 09 CV 10048 BSJ, 2012 WL 5177493, at *1-3 (S.D.N.Y. Oct. 17, 2012) (holding Klein's denial of right to counsel claim procedurally barred and his ineffective assistance of counsel and vindictive prosecution claims unsupported and meritless). Instead, Klein's conduct confirms the Court's earlier prediction that absent the imposition of a leave-to-file sanction, Klein will only continue his "incessant war of attrition with the Court system." *Klein*, 2018 WL 4382381, at *2.

Accordingly, the Clerk of Court for the Southern District of New York is now ORDERED to: (1) close the motions at Dkts. 127, 130, and 132 as DENIED; and (2) refuse to accept for filing any future submissions from Klein relating to his 2005 criminal judgment or his attorney's performance during the course of the underlying criminal proceedings unless he first obtains leave of the Court.

Dated: New York, New York
January 24, 2019

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy Mailed To:
Eric A. Klein
200 Knickerbocker Road
Demarest, New Jersey 07627

---

[2] Klein's motions cannot be construed as successive 28 U.S.C. § 2255 petitions because he is no longer "in custody," *see* 28 U.S.C. § 2255(a), and this Court has already held that any claim made pursuant to Federal Rule of Civil Procedure 60(b) challenging Klein's habeas proceeding is time barred. *Klein v. United States*, No. 09 CIV. 10048 PAC, 2013 WL 5966889, at *1 (S.D.N.Y. Nov. 8, 2013).

3